1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7   THE DENTISTS INSURANCE COMPANY,

8                                    Plaintiff,

9          v.

10   JOSEPH Z. YOUSEFIAN, *et al.*,

11                                    Defendants.

12

Cause No. C20-1076RSL

ORDER GRANTING MOTION TO
COMPEL APPRAISAL AND
STAYING CASE

13       This matter comes before the Court on "Defendants' Motion to Stay and Compel

14   Appraisal." Dkt. # 9. Having reviewed the memoranda, declarations, and exhibits submitted by

15   the parties, the Court finds as follows:

16        On March 23, 2020, a fire broke out in the building where Dr. Yousefian operated an

17   orthodontics practice. Water from the fire sprinkler system came through the ceiling and caused

18   significant damage to defendants' offices. Plaintiff, The Dentists Insurance Company ("TDIC"),

19   had issued a policy of insurance promising to pay for loss or damage to improvements

20   defendants had made to the insured office space. Dkt. # 11-2 at 10-11. TDIC estimated the value

21   of the covered losses at $139,295.83. Dkt. # 16 at ¶ 2. When the insureds indicated that the

22   estimate was substantially below the actual repair costs (Dkt. # 10 at ¶ 3), TDIC filed this

23   lawsuit seeking a declaration that it owes no more under the policy than the amount it has

24   already paid (Dkt. # 1).

25

26

27

28   ORDER GRANTING MOTION TO COMPEL
     APPRAISAL AND STAYING CASE - 1

The insurance policy includes an appraisal provision:

**Appraisal.** If we and you disagree on the value of the property, the amount of net income and operating expense, or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and
2. Bear all expenses for the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the "Claim".

Dkt. # 11-2 at 30. Defendants seek to avoid the expense and burden of litigation by submitting the valuation issue to a panel of appraisers. TDIC opposes the motion, arguing that there are factual issues that must be determined before an appraisal can occur, namely the extent of improvements the insureds made to the office space and the extent of damage to the insureds' improvements. Dkt. # 14 at 2. As TDIC's complaint and witnesses make clear, however, the primary issue in this litigation is "what is the value of the insureds' losses?"

Appraisal provides a sensible and efficient method for resolving valuation disputes. *Keesling v. W. Fire Ins. Co. of Fort Scott, Kan.*, 10 Wn. App. 841, 845 (1974). Appraisers with far more relevant experience than the undersigned can evaluate the property, make inquiries of relevant parties, confer in an effort to reach agreement, and submit their appraisals to a neutral umpire if agreement is not possible. Following the filing of this motion, the parties embarked on a collaborative effort to have the entire loss appraised. Dkt. # 21 at ¶ 5. Although the appraisers have not been tasked with apportioning the loss between the landlord and the tenants, the parties

ORDER GRANTING MOTION TO COMPEL
APPRAISAL AND STAYING CASE - 2

may be able to come to an agreement on that issue through the arbitration process, they may determine that settlement is possible once the total amounts are known, or, at the very least, they will return to court with an established total loss value to be apportioned following fact finding regarding the extent of covered improvements. The parties contractually agreed that valuation would be handled by the experts, not by a judge or jury, and the Court sees no reason to delay that valuation simply because other triable issues exist. *See MKB Constructors v. Am. Zurich Ins. Co.*, 2014 WL 2533286, at *3-4 (W.D. Wash. June 5, 2014) (finding no authority for "permitting the parties to go to trial first and then subsequently submit to the policy's appraisal process in order to determine the value of the loss").

For all of the foregoing reasons, the insureds' motion to compel appraisal (Dkt. # 9) is GRANTED. This matter is hereby STAYED until the appraisal process is completed. During the pendency of the stay, the parties may, after meeting and conferring in an effort to resolve the dispute, file any necessary motions regarding the selection of an umpire or the issuance of third-party subpoenas. The parties shall, within fourteen days of the final valuation determination, file a joint status report with the Court indicating whether a new trail date is needed and, if so, when discovery will be completed. Defendants' request for an award of fees is DENIED without prejudice to the issue being raised again prior to entry of judgment in this matter.

Dated this 16th day of November, 2020.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO COMPEL
APPRAISAL AND STAYING CASE - 3