UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE DENTISTS INSURANCE COMPANY,<br><br>                      Plaintiff,<br>             v.<br>JOSEPH Z. YOUSEFIAN, et al.,<br><br>                      Defendants. | No. 2:20-cv-01076-RSL<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS (DKT. # 53)** |

This matter comes before the Court on "Defendants' Motion to Dismiss for Failure to Plead Fraud with Particularity." Dkt. # 53. Plaintiff recently amended the complaint to add allegations that defendants misrepresented the Business Income loss arising out of a fire, causing plaintiff to overpay the claim by several hundred thousand dollars. Plaintiff seeks a declaration that coverage is unavailable under the policy pursuant to a provision which states:

**III. CONCEALMENT, MISREPRESENTATION OR FRAUD**

This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

>        A. This policy;
>
>        B. The Covered Property;
>
>        C. Your interest in the Covered Property; or
>
>        D. A claim under this policy . . . .

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

1  Dkt. # 39-1 at 60. Defendants argue that the claim is pled in a conclusory fashion and does not

2  meet the pleading requirements of either Rule 8(a) or Rule 9(b) of the Federal Rules of Civil

3  Procedure. The Court agrees.

4      The question for the Court on a motion to dismiss under Rule 8(a) is whether the facts

5  alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v.*

6  *Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6) of the

7  Federal Rules of Civil Procedure, the Court must "accept factual allegations in the complaint as

8  true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v.*

9  *St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). The

10 Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100

11 F.3d 1476, 1479 (9th Cir. 1996).

12     To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*,

13 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

14 misconduct alleged." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading

15 standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A

16 complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting

17 *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355

18 F.3d 1179, 1183 (9th Cir. 2004).

19

20 *Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). If the complaint fails to

21 state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is

22 appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

23     Rule 9(b) requires that a party alleging fraud or mistake "state with particularity the

24 circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

1  person's mind may be alleged generally." The rule "serves three purposes: (1) to provide

2  defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the

3  filing of complaints 'as a pretext for the discovery of unknown wrongs'; (2) to protect those

4  whose reputation would be harmed as a result of being subject to fraud charges; and (3) to

5  'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society

6  enormous social and economic costs absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567

7  F.3d 1120, 1125 (9th Cir. 2009) (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th

8  Cir. 1996) (internal quotations omitted, brackets in original). To accomplish these goals, Rule

9  9(b) requires that "[a]verments of fraud ... be accompanied by 'the who, what, when, where, and

10 how' of the misconduct charged." *Rayes v. Novartis Pharms. Corp.*, No. 21-55723, 2022 WL

11 822195, at *2 (9th Cir. Mar. 18, 2022) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,

12 1106 (9th Cir. 2003)). The allegations regarding the conduct that constitutes fraud must be

13 "specific enough to give defendants notice of the particular misconduct . . . so that they can

14 defend against the charge and not just deny that they have done anything wrong." *Neubronner v.*

15 *Milken*, 6 F.3d 666, 671 (9th Cir. 1993).

16     The policy provision on which plaintiff relies expressly deals with fraud, intentional

17 concealment, and intentional misrepresentation. In order to resolve the declaratory judgment

18 claim, the fact finder will have "to decide whether [defendants] intentionally concealed or

19 misrepresented a material fact regarding their claim." *Johnson v. Allstate Ins. Co.*, 126 Wn. App.

20 510, 515-16 (2005). *See also Mut. Of Enumclaw Ins. Co. v. Cox*, 110 Wn.2d 643, 650 (1988)

21 (noting that if the insured's "misstatements had simply been errors in remembering what

22 property was at [the insured premise], then clearly no fraud would have occurred"); *Ki Sin Kim v.*

23 *Allstate Ins. Co.*, 153 Wn. App. 339, 355 (2009) ("In order to avoid liability based on a material

24 misrepresentation, the insurance company must demonstrate that the insured knowingly made the

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

1  untrue representations and that, in making those representations, the applicant intended to
2  deceive the company."). Regardless whether plaintiff's allegations are evaluated under Rule 8(a)
3  or Rule 9(b), they are insufficient. Plaintiff alleges only that it obtained a preliminary expert
4  opinion that defendants' "2020 adjusted pre-tax net income does not reflect any loss of income"
5  and that the insurance benefits that have already been paid "significantly exceed[] any potential
6  loss." Dkt. # 52 at ¶ 22. Based on those opinions, plaintiff alleges that defendants have
7  "substantially overstated [their] Business Income loss and as a result, [plaintiff] has overpaid
8  [defendants] by several hundred thousand dollars." Dkt. # 52 at ¶ 23. Plaintiff does not allege,
9  even generally, that the errors were knowing or intentional, nor does it identify any surrounding
10 facts regarding the statement of Business Income loss that could support a fraud or intentional
11 concealment/misrepresentation finding.

13         For all of the foregoing reasons, plaintiff has failed to allege facts showing that it has a
14 plausible claim for declaratory relief. Defendants' motion to dismiss (Dkt. # 53) is therefore
15 GRANTED. Because this litigation continues, leave to amend will not be blindly granted.  If
16 plaintiff believes it can, consistent with its Rule 11 obligations, amend the complaint to remedy
17 the pleading deficiencies identified above, it may file a motion to amend and attach a proposed
18 pleading for the Court's consideration.
19         Dated this 20th day of April, 2022.

                                    *Robert S. Lasnik (signature)*
                                    Robert S. Lasnik
                                    United States District Judge