1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE DENTISTS INSURANCE COMPANY,

Plaintiff,

v.

JOSEPH Z. YOUSEFIAN, *et al.*,

Defendants.

Case No. C20-1076-RSL

ORDER GRANTING IN
PART DEFENDANTS'
MOTION TO COMPEL

This matter comes before the Court on the parties' Local Civil Rule 37 Joint Submission on Plaintiff's Waiver of Work Product Protection (Dkt. # 99).

I.      **Background**

The central issue in the underlying lawsuit is defendant's claim for Business Personal Property damage to tenant improvements in his former orthodontics suite, resulting from an arson fire in the suite above his. Dkt. # 99 at 2. Plaintiff, The Dentists Insurance Company ("TDIC"), and defendant disagree over the definition of "tenant improvements" – which are protected under the policy – and the amount of reimbursement defendant is entitled to receive. Id. at 2-5.

During the course of litigation, plaintiff retained a construction expert – Troy Brogdon of McBride Construction Resources, Inc. – to provide an estimate of defendant's loss. Id. at 2. Mr. Brogdon's estimate separates the damaged property into two categories: "Building," which consists of improvements predating defendant's tenancy, and "Tenant Improvements," which

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO COMPEL - 1

1   consists of improvements defendant paid to have installed. Id. at 2-3. Plaintiff contends that it is
2   only responsible for covering damage to the latter category. Id. at 4.

3          Defendant contends that this position is a novel argument, "hatched" six months into the
4   litigation. Id. at 2-3. Defendant further argues that plaintiff's counsel, Lether Law, instructed
5   Mr. Brogdon to segregate the damaged improvements into two categories in order to
6   "implement its new strategy." Id. at 3.

7          In support of this argument, defendant cites an e-mail from Mr. Brogdon to defendant's
8   expert. Dkt. # 87 at 5. In the e-mail, Mr. Brogdon notes that the estimates are broken out into
9   two categories and further specifies, "This in no way is McBride determining coverages. We
10  were merely tasked by Lether Law with parsing out the work for the repairs into two categories
11  based on the review of Olympus' documents." Id. Notably, TDIC later represented in a
12  discovery response that it "did not instruct McBride as to how it should create its estimate." Dkt.
13  # 72 at 26.

14     **II.    Discovery Dispute**

15         At issue is defendant's second request for production, the relevant portion of which asks
16  plaintiff to produce "all communications between and among The Dentists Insurance Company .
17  . . [and] Troy Brogdon." Dkt. # 99 at 5. Plaintiff objects to this request, arguing, inter alia, that it
18  "seeks information developed through confidential attorney-client communications and/or
19  information prepared in anticipation of litigation" and "seeks privileged attorney thoughts and
20  mental impressions that are protected pursuant to the work-product doctrine." Id. at 5-6.
21  Defendant responds that plaintiff has waived any claimed privilege through the disclosure made
22  by Mr. Brogdon in his email to defendant's expert witness. Id. at 5.

23         As a preliminary matter, the Court agrees with plaintiff that correspondence between Mr.
24  Brogdon and Lether Law is protected as work product under Federal Rule of Civil Procedure
25  26.[1] Fed. R. Civ. P.  26(b)(4)(C) (explaining that "Rules 26(b)(3)(A) and (B) protect

26

27  _____
    [1] Plaintiff also claims protection under attorney-client privilege. Dkt. # 99 at 8. However, it
28  provides no explanation for this claim. See Metzler Contracting Co. LLC v. Stephens, 642 F.Supp.2d
    1192, 1205 (D. Haw. 2009) (explaining that communications with retained experts who are anticipated

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO COMPEL - 2

1   communications between the party's attorney and any witness required to provide a report

2   under Rule 26(a)(2)(B)"). Notwithstanding this conclusion, "[t]he privilege derived from the

3   work-product doctrine is not absolute. Like other qualified privileges, it may be waived." United

4   States v. Nobles, 422 U.S. 225, 239 (1975); United States v. Richey, 632 F.3d 559, 567 (9th Cir.

5   2011) ("The work-product doctrine's protections are waivable.").[2]

6       "While the attorney-client privilege 'is designed to protect confidentiality, so that any

7   disclosure outside the magic circle is inconsistent with the privilege,' work-product protection

8   'is provided against "adversaries," so only disclosing material in a way inconsistent with

9   keeping it from an adversary waives work product protection.'" United States v. Sanmina Corp.,

10  968 F.3d 1107, 1120 (9th Cir. 2020). Thus, the Ninth Circuit has held that "disclosure of work

11  product to a third party does not waive the protection unless such disclosure is made to an

12  adversary in litigation or 'has substantially increased the opportunities for potential adversaries

13  to obtain the information.'" Id. at 1121 (quoting 8 Charles Alan Wright & Arthur R. Miller,

14  Federal Practice & Procedure § 2024 (3d ed. 2020)). "Put another way, disclosing work product

15  to a third party may waive the protection where 'such disclosure, under the circumstances, is

16  inconsistent with the maintenance of secrecy from the disclosing party's adversary.'" Id.

17  (quoting Rockwell Int'l Corp. v. U.S. Dep't of Justice, 235 F.3d 598, 605 (D.C. Cir. 2001)).

18      For example, in United States v. Sanmina Corp., Sanmina submitted a valuation report

19  prepared by a law firm to the IRS as part of an audit. 968 F.3d at 1112. The valuation report

20  ─────────────────────────────

21  to testify in litigation "may be protected by the work product doctrine" but "are not, however, protected

22  by the attorney-client privilege"). In any case, the "standards governing the waiver of work-product
    protection are narrower, or more restrictive than the standards used for finding waiver of the attorney-

23  client privilege." McKenzie Law Firm, P.A. v. Ruby Receptionists, Inc., 333 F.R.D. 638, 646-47 (D. Or.
    2019). Thus, the Court concludes that a finding of waiver on the work product issue is dispositive.

24      [2] Accordingly, plaintiff's arguments that (1) defendant has not shown that the communications

25  fall into an exception to the general rule of protection outlined in Federal Rule of Procedure Rule
    26(b)(4)(C)(i)-(iii) and that (2) defendant has not made a showing of specific need and substantial

26  hardship showing required by Rule 26(b)(3)(A)(ii) are not responsive to the waiver issue. If the
    protection has been lost through waiver, the communications may be discoverable regardless of

27  defendant's ability to meet the exceptions laid out in the Rule.

28
    ORDER GRANTING IN PART DEFENDANTS'
    MOTION TO COMPEL - 3

1 cited two memoranda authored by Sanmina in-house counsel in a footnote. Id. The IRS issued a

2 summons for the memoranda, and Sanmina objected on the basis that they were protected both

3 by attorney-client privilege and the attorney work-product doctrine. Id. The Ninth Circuit

4 concluded that Sanmina had waived attorney-client privilege and implicitly waived work-

5 product protection, noting that "Sanmina could have chosen to [respond to the IRS] with other

6 documents that did not make reference to the Attorney Memos but did not. Such conduct seems

7 inconsistent with Sanmina's purported goal of keeping the memoranda secret from the IRS." Id.

8 at 1124.

9       Here, plaintiff's expert explicitly told defendant's expert that plaintiff's counsel had

10 asked him to segregate the "Tenant Improvements" and "Building" estimates. Much like in

11 Sanmina, the choice to share this information with the opposing party's expert "seems

12 inconsistent with [plaintiff's] purported goal" of keeping the communications between counsel

13 and plaintiff's expert secret. As the disclosure was to the opposing party's expert witness, it

14 "substantially increased the opportunities" for defendant to obtain the information. Thus, the

15 standard for waiver has been met.

16       The only authority plaintiff cites in its argument against a finding of waiver is Western

17 Challenger, LLC v. DNV GL Group, No. C16-915-JCC, 2017 WL 5009977 (W.D. Wash. Nov.

18 2, 2017). However, Western Challenger does not help plaintiff. The court in that case declined

19 to find waiver on the basis that the disclosure *did not* enable "an adversary to gain access to the

20 information." 2017 WL 5009977, at *2.

21       Having established that a waiver occurred, the Court now turns to the appropriate scope

22 of the waiver. "While a party cannot shield the material which it has already disclosed . . . where

23 the disclosure is limited, the waiver applies only to the matters disclosed . . . . The purposes of

24 the privilege are advanced if '[u]ndisclosed work product remains protected.'" Murray v. S.

25 Route Mar., S.A., No. C12-1854-RSL, 2014 WL 1671581, at *3 (W.D. Wash. Apr. 28, 2014)

26 (quoting Appleton Papers, Inc. v. Env't Prot. Agency, 702 F.3d 1018, 1026 (7th Cir. 2012)); see

27 also Sanmina, 968 F.3d at 1125-26 (finding that fairness required only the disclosure of the

28 factual portions of the memoranda, and not the legal analysis). Under Federal Rule of Evidence

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO COMPEL - 4

502, waiver extends to an undisclosed communication or information only where "(1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fed. R. Evid. 502(a).

Defendant contends that the waiver here compels production of (1) "all communications to McBride and/or Mr. Brogdon reflecting Lether Law's instructions" and (2) "all communications between TDIC/Lether Law on the one hand and McBride/Mr. Brogdon on the other relating to the subject of the McBride Estimate." Dkt. # 99 at 6. These categories are too broad. The waiver that defendant identifies discloses only that Lether Law instructed Mr. Brogdon to split the estimates into two distinct categories. Thus, correspondence from Lether Law to Mr. Brogdon stating that instruction cannot be shielded. However, the Court finds that the waiver does not extend to undisclosed communications. Fairness does not require categorical disclosure of communications between Lether Law and Mr. Brogdon.

For all of the foregoing reasons, defendant's motion to compel is GRANTED in part and DENIED in part. Plaintiff has waived the work product protection as to the instructions from plaintiff's counsel to Mr. Brogdon regarding separating the estimates into two categories.

IT IS SO ORDERED.

DATED this 21st day of December, 2022.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO COMPEL - 5