UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE DENTISTS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH Z. YOUSEFIAN, *et al.*,<br><br>Defendants. | Case No. C20-1076-RSL<br><br>ORDER ON PLAINTIFF'S MOTION TO VACATE |

This matter comes before the Court on plaintiff's motion to partially vacate the Court's Order on the parties' Cross-Motions for Summary Judgment (Dkt. # 128). Having considered the parties' submissions, the Court DENIES plaintiff's motion.

This case involves an insurance coverage dispute between defendant, a dentist, and his insurer, The Dentists Insurance Company ("TDIC"). On June 21, 2023, the Court granted defendant summary judgment on (1) his scope of coverage claim, and (2) his claim of insurance bad faith with regard to plaintiff's failure to reasonably investigate defendant's claim. Dkt. # 117; *see also* Dkts. # 57, # 67. After entry of the Order, the parties settled all claims, and the Court dismissed the case without prejudice. Dkt. # 127. As a result of the settlement, plaintiff requests this Court "vacate its finding of fact that TDIC acted in bad faith with respect to the subject claims." Dkt. # 128 (citing Dkt. # 117).

When a case is mooted by settlement, district courts may vacate their own unreviewed judgments if vacatur is justified by a balance of equitable interests. *Am. Games, Inc. v. Trade Prod., Inc.*, 142 F.3d 1164, 1168–70 (9th Cir. 1998). Courts may consider several factors in

ORDER ON PLAINTIFF'S MOTION TO VACATE - 1

balancing the equities, for example, (1) the value of judicial precedent to the community, (2) judicial resources invested into resolving the dispute, and (3) the precedent set by the vacatur and whether the vacatur would have the unintended effect of discouraging early settlements. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26–28 (1994); *Chartis Specialty Ins. Co. v. Queen Anne HS, LLC*, No. C11-335RAJ, 2012 WL 3780345, at *3–4 (W.D. Wash. Aug. 31, 2012).

Plaintiff has not demonstrated any equitable interest that would favor vacating the Order, nor is there any indication that the settlement was contingent upon vacatur. *See* Dkt. # 128. Therefore, in balancing the equities, this Court finds that the precedential value of the Order, along with the judicial resources expended, does not justify vacatur.

DATED this 1st day of April, 2024.

Robert S. Lasnik
United States District Judge

ORDER ON PLAINTIFF'S MOTION TO VACATE - 2